**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL ALLMOND,

       Plaintiff,

v.                                  CASE NO. 3:06-cv-767-J-16HTS

BANK OF AMERICA, INC., et al.,

       Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff filed this suit on August 25, 2006, *see* Civil Rights Complaint Form (Doc. #1; Complaint), seeking to proceed *in forma pauperis*. *See* Affidavit of Indigency (Doc. #2; Petition), filed on August 25, 2006. However, as it did not appear Plaintiff had stated a valid federal claim, the Court "determined the suit may be subject to dismissal." Order (Doc. #10; Order), entered on September 25, 2006, at 1; *see also id.* at 3-4. Accordingly, the Petition was taken under advisement and Mr. Allmond was given an opportunity to file an amended complaint. *Id.* at 4.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious. *See id.* A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim without "granting leave to amend at least

once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Rather than filing an amended complaint pursuant to the Order, Plaintiff submitted, on October 6, 2006, the Motion of Removal to State Court or Remand (Doc. #11; Motion).  Therein, Plaintiff asks that this case be removed "from the United States District Court[.]"[2]  It is thus apparent Mr. Allmond no longer wishes to proceed in federal court.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended the Motion (Doc. #11) be **GRANTED** to the extent that this case is **DISMISSED**.  The Petition (Doc. #2) should be **DENIED** as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2006.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

---

[2] While a case may be removed from state to federal court, *see* 28 U.S.C. § 1441, and although removed cases may be remanded in appropriate circumstances, *see id.* at § 1441(c), (e), Mr. Allmond has not established the propriety of removing his case from federal court - where it was initiated - to state court.

3

Copies to:

The Honorable John H. Moore, II
Senior United States District Judge

All counsel of record
     and *pro se* parties, if any